UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BUNKERS INTERNATIONAL
CORPORATION,

                        Plaintiff,                NOT FOR PUBLICATION

          -against-                         **MEMORANDUM & ORDER**
                                                              12-CV-4057

TARAK OVERSEAS CORPORATION, et al.,

              Defendants and Garnishees.
-----------------------------------------------------------X

       The plaintiff has filed a Verified Complaint that contains a prayer for process to attach the defendants' tangible and intangible personal property in this district, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure ("Supplemental Rule B"). Also pursuant to Supplemental Rule B, the plaintiff has filed a motion for an order authorizing the issuance of Process of Maritime Garnishment against all the defendants' property in this district. Supplemental Rule B(1) provides in relevant part:

> (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.
>
> (b) The plaintiff of plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing the process of attachment and garnishment.

Fed. R. Civ. P. Supp. Rule B(1)(a)-(b).

       The plaintiff has submitted along with its Verified Complaint an affidavit stating, upon information and belief, that the defendants cannot be found within this district. Having reviewed the complaint and affidavit, however, the Court has no way to discern whether the defendant

1

appears to have any tangible or intangible property located in this district, another condition of Rule B garnishment. See Ronda Ship Management Inc. v. Doha Asian Games Organising Committee, 511 F. Supp. 2d 399 (S.D.N.Y. 2007) (noting that to sustain an attachment a plaintiff must ultimately prove that "defendant's property can be found within the district"). The Verified Complaint refers generally to "Garnishees named herein" and "the garnishee" (see Compl. ¶¶ 2, 11) but neither the Verified Complaint nor the accompanying affidavit identifies any tangible or intangible personal property of the defendants that the plaintiff believes is located in this district, nor do the documents submitted by the plaintiff provide the Court with the names of the garnishees upon whom the plaintiff seeks to serve the requested process. The only reference to a garnishee is a name that appears in the caption of the complaint. The Court will not enter an ordering directing the Clerk of Court to issue process of maritime garnishment without some identification of what property belonging to the defendants the plaintiff believes is located in this district. In addition, the Court notes that the proposed order submitted by the plaintiff does not limit garnishment "to the amount sued for," as required by Supplemental Rule B.

The plaintiff's motion for an order authorizing the issuance of process for maritime garnishment is denied, without prejudice to the plaintiff renewing its motion in a manner that complies with the requirements of Supplemental Rule B.

SO ORDERED.

Dated: Brooklyn, N.Y.
August 15, 2012

/s/
Carol Bagley Amon
Chief United States District Judge